UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAYZA DOSKI,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 3:21-cv-00209<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## **MEMORANDUM ORDER**

Plaintiff Fayza Doski filed this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (Doc. No. 1.) A hearing on Doski's application for benefits was held before an administrative law judge (ALJ) on December 23, 2019, and a certified transcript of that hearing was filed as part of the administrative record in this case. (AR 70–119.)[1] Doski, whose primary language is Kurdish, testified with the assistance of an interpreter. (AR 27, 71–72, 82–92.)

Doski believes that transcript of the December 23, 2019 hearing contains material errors and now seeks a court order requiring the Commissioner to file a corrected transcript. (Doc. No. 25.) The Commissioner responded in opposition to Doski's motion (Doc. No. 26) and Doski replied (Doc. No. 27). The Commissioner also filed an unopposed motion for leave to file a sur-

---

[1]     The transcript of the administrative record (Doc. No. 10) is referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

reply (Doc. No. 28) and Doski filed an unopposed motion for leave to file a sur-sur-reply (Doc. No. 30). For the reasons that follow, all three motions will be denied.

I.      **Relevant Background**

Doski asserts that the transcript of the December 23, 2019 hearing contains "errors which substantively affect the meaning of her testimony" and "bear on a key factual issue[:] . . . the reason why she stopped working at her [last] job . . . ." (Doc. No. 25, PageID# 1748, 1752.) Doski specifies the alleged errors in her motion. (Doc. No. 25.) The Commissioner responds that the errors Doski cites "do not meaningfully alter the substance of her testimony, so that, even if [Doski]'s corrections are legitimate, the transcript contains no errors that hinder the ability of the Court to review the ALJ's decision . . . ." (Doc. No. 26, PageID# 1757.) In reply, Doski states that the Commissioner "has not contested any of the inaccuracies" and argues that the Commissioner "could simply submit an amendment to the transcription of [Doski]'s hearing testimony that contains the corrections already identified/described by [Doski]." (Doc. No. 27, PageID# 1761–62.)

The Commissioner filed an unopposed motion for leave to file a sur-reply addressing Doski's argument that the Commissioner should adopt Doski's counsel's transcription of the administrative hearing instead of following SSA procedures for correcting an administrative record. (Doc. No. 28.) Doski then filed an unopposed motion for leave to file a sur-sur-reply addressing those arguments. (Doc. No. 30.)

II.     **Analysis**

There are circumstances in which procedural errors like defects in a hearing transcript may constitute good cause for remand in a Social Security appeal. *See Hart v. Colvin*, No. 4:14CV-00009, 2014 WL 2993802, at *2–3 (W.D. Ky. July 3, 2014). "'Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or

where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review under [§] 205(g) of the [Social Security A]ct.'" *Hart*, 2014 WL 2993802, at *2 (first alteration in original) (quoting *Cofer v. Astrue*, No. 1:08-cv-991, 2009 WL 580340, at *1 (E.D. Cal. Mar. 5, 2009)). Remand also may be warranted if transcription errors render the record of a claimant's hearing so incomplete that the court cannot determine whether the ALJ's decision is supported by substantial evidence. *See Pratts v. Chater*, 94 F.3d 34, 37–38 (2d Cir. 1996). Remand is not required where transcription errors "do[ ] not preclude th[e] [c]ourt from conducting a thorough review" of the record. *Vetetoe v. Astrue*, No. 3:13-00008, 2014 WL 3619583, at *18 (M.D. Tenn. July 22, 2014), *report and recommendation adopted sub nom. Vetetoe v. Colvin*, 2014 WL 4095896 (M.D. Tenn. Aug. 19, 2014); *see also Williams v. Barnhart*, 289 F.3d 556, 557–58 (8th Cir. 2002) ("Absent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record."). Nor is remand appropriate absent a showing that the claimant is prejudiced by the hearing transcript's alleged inaccuracies. *Parker v. Comm'r of Soc. Sec. Admin.*, No. 2:17-cv-12307, 2018 WL 6566576, at *3 (E.D. Mich. Aug. 17, 2018), *report and recommendation adopted by* 2018 WL 5800920 (E.D. Mich. Nov. 6, 2018).

Doski has identified numerous alleged inaccuracies in the transcription of her testimony, but she has only linked these errors to one aspect of the ALJ's decision: the ALJ's findings regarding the reasons Doski stopped working. (Doc. No. 25.) The hearing transcript reflects that, when asked why she stopped working as a book binder at Ingram Distribution Management, LLC, Doski replied,

> I leave because it was like a very stress, tired job, a [inaudible] job. Like if and needs to stand or you're late for a little party. So that's why I couldn't stand to work over there.

(AR 84 (alteration in original).) Doski argues that the correct translation of this testimony is,

> Yes, because it was like a, a very stress and tired job a [inaudible] job. And, like the binder that needs to stand on your legs for a long time. So that's why I couldn't . . . I couldn't stand to work over there.

(Doc. No. 25, PageID# 1750 (alteration in original).)

The hearing transcript also states that, when asked to describe her health while working at Ingram, Doski responded,

> Yes, of course. I was very tired when I was working over there. And I didn't see that. But my husband, he was—he would acknowledge about that. Like he was—every day, he seen that when I get off my job. I came home, I was very nervous and very upset and nervous. And also, I just kept every relation that I have with my friends, with my family, nobody. Because I don't have time for that. And also, I was working, and it was a very, very hard job.
>
> That's why when I get off my work, I have to go home, take care of my kids, and cook, and sometimes, wash the clothing. So that's why my husband told me, you have to get rid of this job.

(AR 85.) Doski asserts that she actually testified,

> Yes, of course. I was very tired when I was working over there. And I didn't see that. But my husband, he was—he, he, he, he was actually about that. And he was—every day, he seen that when I get off my job I came home, I'm very nervous, I'm very upset and nervous. And also, I just cut every relation that I have with my friends, with, with my family, nobody. Because I don't have time for that. And also, I was working, and it was a very, very hard job. That's why when I get off my, my work, I have to go home, take care of my kids, and cook, and sometimes, wash the clothing. So that's why my husband told me, you have to get rid of this job.

(Doc. No. 25, PageID# 1750.)

Doski argues that the alleged inaccuracies prevent meaningful review of the following findings by the ALJ:

> At her initial hearing on December 23, 2019, the claimant testified with the assistance of a Kurdish interpreter, Mr. Taha. She testified she stopped her binding job because it was stressful and she never saw her husband and kids, did not have

relationships with friends because of lack of time, and because the job was very hard. She said her husband told her she had to stop working the job. She reported she had knee issues, but that she dieted and went to the gym to try to lose weight.

\* \* \*

Salih Doski, the claimant's husband, testified that women in their culture did not speak about past traumas. He stated that small things made the claimant very angry and she would yell at their children. He reported this was why he told her to stop working.

\* \* \*

The claimant stopped working in 2015. However, there is some evidence that she stopped working for reasons unrelated to any alleged impairments. She testified she stopped her binding job because it was stressful and she never saw her husband and kids, did not have relationships with friends because of lack of time, and the job was very hard. She said her husband told her she had to stop working the job. While the claimant did not leave the job because of physical impairments, she does have problems with her knees and back and has been diagnosed recently with fibromyalgia.

She testified that she thought working overnight would be better, but she said her condition became worse. She has a history of kidney stones and has had four to five surgeries for kidney stones. She testified to pain all the time in both sides. However, she remains able to work out at the YMCA, can drive, and can go for walks. She estimated she could stand for one hour before needing to rest.

\* \* \*

Records indicate the claimant enjoys exercising with a friend at the YMCA and she reported that she stopped working because she was not able to spend time with family or friends and was stressed out all the time. Therefore, there is no indication that the claimant cannot interact with the public or others.

(AR 27, 30–31.)

This Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). Even if the Court were to accept Doski's proposed corrections as accurate, she has not shown how those errors prevent meaningful review of the ALJ's decision or that she has been prejudiced by those errors.

5

The ALJ was present at Doski's administrative hearing and heard Doski's testimony as it was given. *See Parker*, 2018 WL 5800920, at *2 (finding that plaintiff was not prejudiced by transcription errors where "the ALJ heard the testimony as it was given and considered it in arriving at her decision"). Although Doski argues that the portions of the ALJ's decision regarding her decision to stop working are unsupported by her hearing testimony, Doski's proposed corrections do not contradict the ALJ's findings that Doski left her job because of stress, lack of time for her family and friends, and the difficulty of the job. Although Doski argues that errors in the hearing transcript "obscure[ ] her stated limitation regarding standing" (Doc. No. 25, PageID# 1752), the ALJ found, consistent with Doski's proposed corrections, that Doski "estimated she could stand for one hour before needing to rest" (AR 30). The remaining errors Doski has identified do not materially change the meaning of Doski's testimony or "interfere with comprehension of the testimony to an extent that would hinder fair review." *Williams*, 289 F.3d at 558 (quoting *Ward v. Heckler*, 786 F.2d 844, 848 (8th Cir. 1986)). Doski has not shown that the hearing transcript is inadequate for the Court to conduct a thorough review of the administrative proceedings. Her motion to amend or correct the administrative record will be denied.

Because no corrections to the administrative record are required, the Court need not consider the parties' arguments concerning the appropriate method for making such corrections. Therefore, the Commissioner's motion for leave to file a sur-reply (Doc. No. 28) and Doski's motion for leave to file a sur-sur-reply (Doc. No. 30) also will be denied.

**III.     Conclusion**

For the foregoing reasons, Doski's motion for a court order requiring the Commissioner to file a corrected transcript (Doc. No. 25), the Commissioner's motion for leave to file a sur-reply (Doc. No. 28), and Doski's motion for leave to file a sur-sur-reply (Doc. No. 30) are DENIED.

Doski is ORDERED to file a motion for judgment on the administrative record and accompanying memorandum within twenty-eight (28) days of entry of this Order. The Commissioner shall file a responsive brief within twenty-eight (28) days of service of Doski's motion. Doski shall have fourteen (14) days after service of the Commissioner's responsive brief to file a reply brief, if necessary. All briefing shall comply with the requirements set forth in the case management order for this action. (Doc. No. 11.)

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge